UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MICHAEL BLACKWELL,

Plaintiff,

v. Case No. 26-CV-96

WELLPATH LLC et al.,

Defendants.

---

**ORDER**

---

Plaintiff Michael Blackwell, who is housed at the Milwaukee County Jail, is representing himself in this 42 U.S.C. § 1983 case. He is proceeding on a Fourteenth Amendment claim based on his allegations that Defendants Dr. Dawn Puls, Nurse Practitioner Heidi Medina, and Nurse Practitioner Brittany Stroika failed to provide proper treatment for his Type 1 diabetes as well as a *Monell* claim against Wellpath LLC. Plaintiff's amended complaint contains a request for a temporary restraining order requiring Defendants to "cease and desist from only using regular insulin and from inadequately treating Plaintiff's Type 1 diabetic condition." (ECF No. 18 at 21.)

To obtain a temporary restraining order or preliminary injunction, Plaintiff has the burden of establishing that he has a likelihood of success on the merits, he has no adequate remedy at law, and he is likely to suffer irreparable harm without the injunction. *See* Fed. R. Civ. P. 65(b); *Wood v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007). A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat'l Res. Def. Council*, 555 U.S. 7, 22 (2008) (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)). In the context of prisoner litigation, the scope of the Court's authority to

issue an injunction is circumscribed by the PLRA. *See Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); *see also Westefer*, 682 F.3d at 683 (noting the PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prison officials have broad administrative and discretionary authority over the institutions they manage").

Defendants assert that Plaintiff cannot show that he is likely to succeed on the merits of his claims or that he will suffer irreparable harm without the temporary restraining order. Plaintiff alleges that he is diabetic and requires insulin injections. Before being detained at the Milwaukee County Jail, Plaintiff had been using Aspart rapid-acting insulin and Lantus 24-hour insulin. During his detention, Defendants discontinued the rapid-acting insulin and only prescribed regular insulin. Plaintiff asserts that regular insulin does not mitigate his excessive glucose levels after meals. He alleges that he has had to inject extremely large amounts of regular insulin to lower his glucose levels.

While Plaintiff complains that he has not received adequate treatment for his Type 1 diabetic condition, the evidence offered by Defendants indicates otherwise. Plaintiff asserts that he should receive rapid-acting insulin, not regular insulin, to control his Type 1 diabetes. Yet, medical personnel explained to Plaintiff that normal insulin is entirely appropriate and effective to treat Plaintiff's diabetes because, in the jail, Plaintiff had regular timing of meals and insulin administration. (ECF No. 33-1 at 899, 904, 906.) Plaintiff insists that regular insulin does not work because he "knows [his] body." (*Id.* at 902.) Yet, Plaintiff's medical record reflects that his blood sugar levels are similar his levels prior to his incarceration. (*Id.* at 899.) The medical record

also reveals that Plaintiff has refused to take his insulin and allow blood sugar checks, even though Plaintiff's providers explained the importance of adhering to his treatment plan and controlling his sugar intake. (*See, e.g.*, *id.* at 861, 863, 867, 899.) Although Plaintiff disagrees with his treatment plan, a prisoner is not entitled to dictate medical treatment. *See Harper v. Santos*, 847 F.3d 923, 928 (7th Cir. 2017). Plaintiff has not demonstrated that he will experience irreparable harm without a temporary restraining order or that his Fourteenth Amendment claim against Defendants has a reasonable likelihood of success. Plaintiff does not meet the requirements for preliminary relief. Therefore, his request for a temporary restraining order is denied.

One final issue warrants comment. Defendants assert in their response to Plaintiff's request for a temporary restraining order that "this lawsuit is utterly meritless and must be dismissed" and that they are "entitled to summary judgment." (ECF No. 32 at 6.) Defendants have not complied with Civil Local Rule 56, so the Court will not address Defendants' statement.

**IT IS THEREFORE ORDERED** that Plaintiff's request for a temporary restraining order (ECF No. 18) is **DENIED**.

Dated at Green Bay, Wisconsin on September 17, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge